UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JULIE GOGGIN, Individually, EVAN GOGGIN, and C.G., an Infant by his Mother and Natural Guardian, JULIE GOGGIN

Plaintiffs,

-against-

JETBLUE AIRWAYS CORPORATION,

Defendant.

Docket No.:
20-6188

**COMPLAINT**

**Plaintiff Demands Trial by Jury**

---

Plaintiff JULIE GOGGIN by her attorneys, ROGER VICTOR ARCHIBALD, PLLC, as and for her Complaint against the Defendant, JETBLUE AIRWAYS CORPORATION (hereinafter "Defendant" or "JetBlue"), respectfully alleges as follows based upon personal knowledge as to its own acts and actions and upon information and belief as to all other matters:

### I. THE PARTIES

1. Plaintiffs, JULIE GOGGIN, EVAN GOGGIN and C.G., an Infant by his Mother and Natural Guardian JULIE GOGGIN are natural persons residing in the State of New York, County

of Westchester.

2. Upon information and belief, Defendant is a domestic corporation doing and transacting business in the State of New York with main offices located at 27-01 Queens Plaza North, Long Island City, New York 11101.

### II. JURISDICTION

3. Personal jurisdiction herein over Defendant is derived from assertion of claims that arise under the laws of the United States, specifically under 42 U.S.C. § 1981.

### III. VENUE

4. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV. STATEMENT OF FACTS

5. Julie Goggin is an African American woman with dark colored skin.

6. Prior to December 22, 2019, Plaintiff JULIE GOGGIN purchased three (3) tickets to board and travel on JetBlue Flight 213 for herself and her two teenage sons, EVAN GOGGIN and C.G., from John F. Kennedy International Airport in New York to Long Beach, California.

7. On December 22, 2019, Plaintiff JULIE GOGGIN and her two sons, EVAN GOGGIN and C.G., an Infant by his Mother and Natural Guardian JULIE GOGGIN, boarded JetBlue Flight 213 as passengers for having paid the necessary and proper fare and were the holders of valid and confirmed tickets on said flight.

8. Upon information and belief, that at all times and places herein mentioned, Defendant was in full charge of the operation, management, and control of the aircraft designated to carry passengers on JetBlue Flight 213.

9. Before JetBlue Flight 213 departed New York, Plaintiff JULIE GOGGIN had purchased Upgraded "Even More Space" seats, and her teenage sons EVAN GOGGIN and C.G. were seated in seat 4B and 4C of the aircraft with Plaintiff JULIE GOGGIN being seated in seat 10D. Following the plaintiffs JULIE GOGGIN and her sons EVAN GOGGIN and C.G. being seated in the "Even More Space" seats, JetBlue employee and flight attendant, "Kelsey" moved Plaintiffs EVAN GOGGIN and C.G., an Infant, to rows 20 and 16 in the rear of the aircraft in seats that were not designated as "Even More Space" without consulting their parent Plaintiff JULIE GOGGIN.

10. Plaintiff JULIE GOGGIN then inquired as to why Plaintiffs EVAN GOGGIN and C.G., an Infant, were removed from their seats without consulting their parent, to which JetBlue employee and flight attendant "Kelsey" said it was due to weight distribution. Plaintiff Julie Goggin told the flight attendant Kelsey that she understood the reasoning and has no issue with that; however, the problem is that her children were moved without her being consulted or notified. Flight attendant Kelsey did not apologize; instead, she kept repeating her rationale for moving plaintiffs Evan Goggin and C.G. Therefore, Plaintiff Julie Goggin decided to shift the conversation and inquires about a refund because of the cost difference of the seats. Flight attendant Kelsey informed Plaintiff that JetBlue would not be issuing a refund for the fare difference for the newly assigned seats.

11. Plaintiff JULIE GOGGIN was later approached by a supervisor, Ms. Belykis, and was informed that JetBlue employee, Kelsey, claimed she was not comfortable with Plaintiff JULIE GOGGIN's presence on the flight. Plaintiff JULIE GOGGIN then requested the assistance of a manager and met with Mr. Arnold Rice. Following Mr. Rice's arrival, Ms. Belykis then alleged that Plaintiff JULIE GOGGIN was combative and yelling on the plane, which resulted in making a flight attendant uncomfortable. Plaintiff JULIE GOGGIN patiently waited for Ms. Belykis to finish talking and then told Mr. Rice that none of what Ms. Belykis said was accurate because she never raised her voice or made a scene.

12. Plaintiff JULIE GOGGIN told JetBlue employee, Mr. Arnold Rice, that her concern was Plaintiff's EVAN GOGGIN and C.G., an Infant, were the only two African Americans in the first six rows of the aircraft and upon information and belief were the only passengers asked to relocate from upgraded "Even More Space" seats to the rear of the aircraft without her being informed or consulted. Ms. Goggin told Mr. Rice that she felt targeted because of her race. Following Plaintiff JULIE GOGGIN'S conversation with Mr. Rice, they shook hands, and Plaintiff Julie Goggin re-boarded the plane.

13. Only after Ms. Goggin expressed that she felt targeted because of her race, a new supervisor approached Plaintiff JULIE GOGGIN and told her that JetBlue is going to move them onto a different flight because another flight attendant reported being uncomfortable with her. Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G. were then refused passage and ordered to deplane by Defendant without sufficient investigation, reason, cause, or justification despite remaining calm and respectful throughout her interaction with JetBlue personnel.

14. Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G. were escorted from JetBlue Flight #213 at the behest of Defendant and were re-booked on another flight to Los Angeles as opposed to their original destination of Long Beach and were seated in the general cabin of flight 2124 despite having purchased the upgraded "Even More Space" seats.

15. Upon information and belief, JetBlue Flight #213 thereafter continued on its flight plan, arriving in Long Beach, California as scheduled without Plaintiffs on board. As a result of Defendant's unwarranted refusal to carry Plaintiffs, Plaintiffs incurred damages, including without limitation additional cost for travel accommodations from Los Angeles to Long Beach, loss of Even More Space seating and further due to Plaintiffs embarrassment and public humiliation in being removed from the aircraft on the basis of race and blatant discrimination.

16. Subsequent to these events and following complaints by Plaintiff JULIE GOGGIN to the Department of Transportation, JetBlue allegedly researched the circumstances resulting in the deplaning of Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G., an Infant.

17. On or about March 14, 2020, JetBlue representative Robert C. Land issued correspondence to Plaintiff JULIE GOGGIN indicating that Plaintiffs had been deplaned, only after Plaintiff JULIE GOGGIN reportedly became upset after observing the seat change of Plaintiffs EVAN GOGGIN and C.G., an Infant, and the situation escalated to the point where JetBlue crewmembers made the determination that Plaintiffs could not continue on the flight.

18. In fact, no such behavior was ever displayed by Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G., who remained calm and respectful and did not use any profane or combative language in their interaction with JetBlue crewmembers.

19. Upon information and belief, JetBlue has fabricated these details in bad faith in order to provide a foundation for the deplaning of Plaintiffs and the denial of Plaintiffs claims for damages.

20. Plaintiffs damages are solely due to the willful misstatements, racially motivated actions, carelessness, recklessness, and negligence of the Defendant in and about the want of due process and proper care in the operation, management, and control of the airline, and in particular, JetBlue Flight 213.

21. By reason of the foregoing, Plaintiffs JULIE GOGGIN, Individually, EVAN GOGGIN and C.G., an Infant by his Mother and Natural Guardian JULIE GOGGIN, have suffered damages in an amount to be determined upon the trial of this action.

## FIRST CAUSE OF ACTION
(Discrimination)

22. Plaintiff re-alleges the facts set forth in paragraphs 1 -21 above and incorporates the same by reference.

23. JetBlue's decision to move EVAN GOGGIN and C.G. from the "Even More Space" seats to rows 20 and 16 in the rear of the aircraft in seats that were not designated as "Even More Space" was owing to Plaintiff's race and color.

24. Plaintiff JULIE GOGGIN inquired as to why Plaintiffs EVAN GOGGIN and C.G., an infant, were removed from their seats without consulting their parent to JetBlue employee and flight attendant "Kelsey" who informed Plaintiff that JetBlue would not be issuing a refund for the fare difference for the newly assigned seats was owing to Plaintiff's race and color.

25. JetBlue's decision to refused passage and deplane JULIE GOGGIN and her sons EVAN GOGGIN and C.G. without sufficient investigation, reason, cause, or justification despite remaining calm and respectful throughout her interaction with JetBlue personnel was owing to Plaintiff's race and color.

26. Plaintiffs race and color were motivating factors in JetBlue's decisions to move Plaintiff's seats, refused passage, and deplane JULIE GOGGIN and her sons EVAN GOGGIN and C.G. from the JetBlue Flight #213, and in the hostile treatment that proceeded and followed her once she made a complaint.

27. These facts state a claim for discrimination under 42 U.S.C. § 1981.

## SECOND CAUSE OF ACTION
(Retaliation)

28. Plaintiff re-alleges the facts set forth in paragraphs 1-27 above and incorporates the same by reference.

29. JetBlue's decision to deplane and refused passage to JULIE GOGGIN and her sons EVAN GOGGIN and C.G., from JetBlue Flight #213, was owing to Plaintiff expressing that she felt targeted because of her race.

30. Plaintiff telling JetBlue employees, Mr. Rice and Mr. Belykis, that she felt targeted because of her race was a motivating factor in JetBlue's decision to refuse passage and deplane JULIE GOGGIN and her sons EVAN GOGGIN and C.G. from the JetBlue Flight #213.

31. These facts state a claim for retaliation under 42 U.S.C. § 1981.

## THIRD CAUSE OF ACTION
(Breach of Contract)

32. Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1-31 herein as though more fully stated hereafter.

33. Plaintiff JULIE GOGGIN and Defendant entered into a contract for Plaintiffs JULIE

GOGGIN, EVAN GOGGIN, and C.G., an Infant's, individual transport on JetBlue Flight 213 from John F. Kennedy International Airport in New York to Long Beach Airport in California.

34. Plaintiffs performed their obligation pursuant to said contract by paying the agreed ticket price and appearing at the scheduled time and place of departure on December 22, 2019.

35. Defendant breached said contract by failing to provide Plaintiffs the service and use of transport on JetBlue Flight 213 from John F. Kennedy International Airport in New York to Long Beach Airport in California on December 22, 2019.

36. By reason of the foregoing, Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G., an Infant by his Mother and Natural Guardian, JULIE GOGGIN, have suffered damages in an amount to be determined upon the trial of this action.

## FOURTH CAUSE OF ACTION
### (False Imprisonment)

37. Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1-36 herein as though more fully stated hereafter.

38. In refusing Plaintiffs passage on JetBlue Flight 213 on December 22, 2019, JetBlue intentionally confined Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G. at John F. Kennedy International Airport, causing them to be detained while awaiting another flight and to ultimately be re-booked on another flight to a different destination than that was originally intended.

39. Plaintiffs were conscious of their confinement at John F. Kennedy International airport, did not consent to the confinement, and the confinement was not otherwise privileged.

40. By reason of the foregoing, Plaintiffs have suffered damages in an amount to be determined upon the trial of this action.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

41. Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1-40 herein as though more fully stated hereafter.

42. As described herein, JetBlue engaged in outrageous conduct, which caused severe emotional distress to Plaintiffs.

43. JetBlue's conduct exceeded all reasonable bounds of decency.

44. Defendant's actions were intentional, willful, unwarranted, and without any just cause or provocation.

45. By reason of the foregoing, Plaintiffs JULIE GOGGIN, EVAN GOGGIN, and C.G., an Infant by his Mother and Natural Guardian, JULIE GOGGIN, have suffered damages in an amount to be determined upon the trial of this action.

## SIXTH CAUSE OF ACTION
### (Punitive Damages)

46. Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1-45 herein as though more fully stated hereafter.

47. JetBlue has misstated and misreported the circumstances of the incident in question in its correspondence of March 14, 2020.

48. Upon information and belief, JetBlue has misrepresented the facts herein in order to gain advantage and leverage in disputing Plaintiffs claims.

49. As set forth herein, JetBlue has acted wantonly and oppressively, and with such malice as implies a spirit of mischief or criminal indifference to civil obligation.

50. By reason of the foregoing, Plaintiffs are entitled to an award of exemplary and punitive damages to be determined upon the trial of this action.

**WHEREFORE**, the Plaintiffs demands judgment:

(a) Awarding Plaintiffs damages on the First Cause of Action in an amount to be proven at trial, but in no event less than Three Hundred Thousand Dollars ($300,000.00);

(b) Awarding Plaintiffs damages on the Second Cause of Action in an amount to be proven at trial, but in no event less than Three Hundred Thousand Dollars ($300,000.00);

(c) Awarding Plaintiffs damages on the Third Cause of Action in an amount to be proven at trial, but in no event less than Three Hundred Thousand Dollars ($300,000.00);

(d) Awarding Plaintiffs damages on the Fourth Cause of Action in an amount to be proven at trial, but in no event less than Three Hundred Thousand Dollars ($300,000.00);

(e) Awarding Plaintiffs damages on the Fifth Cause of Action in an amount to be proven at trial, but in no event less than Three Hundred Thousand Dollars ($300,000.00);

(f) Awarding Plaintiffs the costs of this suit, including reasonable attorney's fees; and

(g) Awarding Plaintiffs such other, further and different relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

Dated: Brooklyn, New York
December 21, 2020

By: Roger V. Archibald, Esq. (RA 0588)
ROGER VICTOR ARCHIBALD, PLLC
Attorneys for Plaintiff
26 Court Street
Suite 711
Brooklyn, New York 11242
(718) 237-1111

# VERIFICATION

STATE OF NEW YORK )
                             ) ss.
COUNTY OF KINGS )

Julie Goggin, being duly sworn, deposes and says:

1. I am the plaintiff in this action.

2. I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*Julie Goggin*

Sworn to before me this
_21_ day of December 21, 2020

*Notary Public*

ROGER V. ARCHIBALD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02AR4989923
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 12/23/_21_

# VERIFICATION

STATE OF NEW YORK )
) ss.
COUNTY OF KINGS )

Evan Goggin, being duly sworn, deposes and says:

1. I am the plaintiff in this action.

2. I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Evan Goggin

Sworn to before me this
___ day of December 21, 2020

_____
NOTARY PUBLIC

ROGER V. ARCHIBALD
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02AR4989923
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 12/23/21

# VERIFICATION

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF KINGS       )

C.G., an infant by his mother and Natural Guardian Julie Goggin, being duly sworn, deposes and says:

1. I am the plaintiff in this action.

2. I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

          _____
          C.G., an infant by his mother and
          Natural Guardian Julie Goggin

Sworn to before me this
_21_ day of December 21, 2020

_____
NOTARY PUBLIC

**ROGER V. ARCHIBALD**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 02AR4989923**
**QUALIFIED IN KINGS COUNTY**
**COMMISSION EXPIRES 12/23/_2_**