UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

JULIE GOGGIN, Individually, EVAN GOGGIN,
and C.G., an Infant by his Mother and Natural
Guardian, JULIE GOGGIN

CASE NO. 1:20-cv-6188-MKB-RLM

                        Plaintiffs,

**DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO COMPLAINT**

           v.

JETBLUE AIRWAYS CORPORATION

                        Defendant.

───────────────────────────────────────X

      For its Answer to the Verified[1] Complaint, Defendant JetBlue Airways Corporation ("JetBlue") alleges as follows:

      1.     In response to paragraph 1 of the Complaint, JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies said allegations.

      2.     In response to paragraph 2 of the Complaint, JetBlue admits the allegations contained therein.

      3.     In response to paragraph 3 of the Complaint, JetBlue states that this is a conclusion of law to which a response is not required.

      4.     In response to paragraph 4 of the Complaint, JetBlue states that this is a conclusion of law to which a response it not required.

---

[1] The Complaint was "verified". No such procedure exists in this Court. For that reason, the Answer is not "verified".

5. In response to paragraph 5 of the Complaint, JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies said allegations.

6. In response to paragraph 6 of the Complaint, JetBlue admits the allegations contained therein.

7. In response to paragraph 7 of the Complaint, JetBlue admits the allegations contained therein.

8. In response to paragraph 8 of the Complaint, JetBlue admits that on December 22, 2019 it operated flight 213 from JFK International Airport in New York to Long Beach, California. JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies said allegations.

9. In response to paragraph 9 of the Complaint, JetBlue admits that plaintiffs Julie Goggin, Evan Goggin, and C.G were seated in seats 10D, 4B, and 4C, respectively, and that a flight attendant asked passengers Evan Goggin and C.G. if they would mind moving to a seat further toward the rear of the aircraft, to which they agreed. JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies said allegations.

10. In response to paragraph 10 of the Complaint, JetBlue admits that Julie Goggin inquired as to why Evan Goggin and C.G. were moved to different seats without her being consulted and that the flight attendant explained that it was due to a weight and balance issue. JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies said allegations.

11. In response to paragraph 11 of the Complaint, JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies said allegations.

12. In response to paragraph 12 of the Complaint, JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies said allegations.

13. In response to paragraph 13 of the Complaint, JetBlue admits that plaintiff Julie Goggin was denied transportation aboard flight 213. JetBlue admits that plaintiffs were accommodated on a different flight. JetBlue denies each and every remaining allegation of paragraph 13.

14. In response to paragraph 14 of the Complaint, JetBlue admits that Julie Goggin, Evan Goggin, and C.G. were denied transportation on flight 213 and were rebooked on another flight to Los Angeles. JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies said allegations.

15. In response to paragraph 15 of the Complaint, JetBlue admis that flight 213 operated without plaintiffs on board. JetBlue denies each and every remaining allegation of paragraph 15.

16. In response to paragraph 16 of the Complaint, JetBlue admits that it has reviewed the circumstances surrounding the deplaning of plaintiffs from flight 213. JetBlue lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies said allegations.

17. In response to paragraph 17 of the Complaint, JetBlue admits that Robert C. Land sent a letter, dated March 14, 2020, to Julie Goggin and her attorney that stated, among other things, the general substance of the allegations of paragraph 17.

18. In response to paragraph 18 of the Complaint, JetBlue denies each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, JetBlue denies each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, JetBlue denies each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, JetBlue denies each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-21 above.

23. In response to paragraph 23 of the Complaint, JetBlue denies each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, JetBlue denies each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, JetBlue denies each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, JetBlue denies each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, JetBlue denies each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-27 above.

29. In response to paragraph 29 of the Complaint, JetBlue denies each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, JetBlue denies each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, JetBlue denies each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-32 above.

33. In response to paragraph 33 of the Complaint, JetBlue admits that plaintiffs' travel aboard flight 213 was subject to the terms and conditions of JetBlue's Contract of Carriage.

34. In response to paragraph 34 of the Complaint, JetBlue admits that plaintiffs paid the agreed ticket price and appeared at the scheduled time and place of departure; however, JetBlue denies that this constituted the extent of plaintiffs' obligations pursuant to JetBlue's Contract of Carriage.

35. In response to paragraph 35 of the Complaint, JetBlue denies each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, JetBlue denies each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-36 above.

38. In response to paragraph 38 of the Complaint, JetBlue denies each and every allegation contained therein.

39. In response to paragraph 39 of the Complaint, JetBlue denies each and every allegation contained therein.

40. In response to paragraph 40 of the Complaint, JetBlue denies each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-40 above.

42. In response to paragraph 42 of the Complaint, JetBlue denies each and every allegation contained therein.

43. In response to paragraph 43 of the Complaint, JetBlue denies each and every allegation contained therein.

44. In response to paragraph 44 of the Complaint, JetBlue denies each and every allegation contained therein.

45. In response to paragraph 45 of the Complaint, JetBlue denies each and every allegation contained threrein.

46. In response to paragraph 46 of the Complaint, JetBlue restates its responses set forth in paragraphs 1-45 above.

47. In response to paragraph 47 of the Complaint, JetBlue denies each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, JetBlue denies each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, JetBlue denies each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, JetBlue denies each and every allegation contained therein.

## **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

51. The Complaint, and each purported cause of action contained therein, fails to state a claim against JetBlue upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault – Plaintiff)**

52. JetBlue is informed and believes and thereon alleges that any injuries or damages to plaintiffs were directly caused in full or in part by plaintiff Julie Coggin's misconduct, fault, or negligence, for which JetBlue bears no responsibility.

## **THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

53. JetBlue is informed and believes and thereon alleges that the Complaint, and each purported cause of action contained therein, is barred because plaintiffs failed to mitigate their damages.

## **FOURTH AFFIRMATIVE DEFENSE**

**(Contract of Carriage)**

54. The rights and obligations of the parties herein are governed, and JetBlue's liability limited, by the terms and conditions of carriage of the Contract of Carriage.

**FIFTH AFFIRMATIVE DEFENSE**

**(JetBlue's Legitimate Non-Discriminatory Decision)**

55. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because all decisions with respect to plaintiffs' transportation aboard flight 213 were made by JetBlue for legitimate, non-discriminatory and non-pretextual reasons and without discriminatory motive.

**SIXTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

56. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because JetBlue would have made the same decisions regarding plaintiffs' transportation aboard flight 213 irrespective of racial considerations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

57. The Complaint, and each purported cause of action contained therein, is barred because it is preempted ty the Federal Aviation Act and the Airline Deregulation Act, and the applicable Federal Aviation Regulations including, but not limited to 49 U.S.C. section 44902 and 14 C.F.R. section 91.3.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Field Preemption)**

58. The Complaint, and each purported cause of action contained therein, is preempted by federal law, which fully occupies the field of aviation safety.

**NINTH AFFIRMATIVE DEFENSE**

**(Immunity)**

59. The Complaint, and each purported cause of action contained therein, is barred because of immunity accorded JetBlue pursuant to 49 U.S.C. section 44902(b).

## TENTH AFFIRMATIVE DEFENSE

### (CPLR Article 16)

60. JetBlue is entitled to the protections of Article 16 of the CPLR and under no circumstances can it be held liable for an amount in excess of its equitable share as determined by the trier of fact.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Setoff)

61. If JetBlue is liable to Plaintiffs, which liability it expressly denies, then it is entitled to a setoff for all settlements/benefits received by plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

62. Any damages and/or injuries sustained by plaintiffs were caused by pre-existing or unrelated medical conditions, disease, illness, or infection, and not caused by, or aggravated by, any alleged act of JetBlue or others.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Collateral Sources)

63. If JetBlue is liable to plaintiffs, which liability it expressly denies, such liability shall be reduced by all amounts payable, paid, or available from all collateral sources as provided by CPLR 4545.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening, Superseding Causes)

64. The alleged damages sustained by plaintiffs, and by each of them, are the result of intervening, superseding, or unforeseeable causes for which JetBlue had no duty to protect plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

65. Plaintiffs, and each of them, have waived and are estopped from pursuing the claims alleged in the Complaint by reason of plaintiff Julie Goggin's own actions and course of conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

66. Plaintiffs' demand for punitive damages is barred by JetBlue's bona fide policy against discrimination, and because all of its decisions and actions made and taken regarding plaintiffs were done in good faith, and because the Complaint, and each purported cause of action contained therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression and/or reckless indifference.

WHEREFORE, defendant JetBlue Airways Corporation prays for relief as follows:

1. That plaintiffs take nothing pursuant to their Complaint, that judgment is entered in favor of defendant JetBlue Airways Corporation and against plaintiffs, and that the Complaint is dismissed with prejudice.

2. For costs of suit incurred herein.

3. For any reasonable attorneys' fees allowed by law; and

4. For any further relief as the court may deem just and proper.

DEFENDANT DEMANDS TRIAL BY JURY.

Dated: April 13, 2021

LEADER BERKON
COLAO & SILVERSTEIN

By: /s/Raymond L. Mariani

Raymond L. Mariani
Arthur I. Willner
630 Third Avenue, 17th Floor
New York, NY 10017
Tel. (212) 486-2400
Email: rmariani@leaderberkon.com
awillner@leaderberkon.com

*Attorneys for Defendant*
*JETBLUE AIRWAYS CORPORATION*