

550 S. Hope Street, Suite 1850, Los Angeles, CA 90071
tel 213.234.1750  fax 213.234.1747  leaderberkon.com

February 11, 2022

Hon. Margo K. Brodie
United State District Judge for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re: <u>Julie Goggin, et al. v. JetBlue Airways Corporation</u>
Case No. 20-cv-6188-MKB-RLM

Dear Judge Brodie:

We represent defendant JetBlue Airways Corporation in the captioned matter. We are writing to you pursuant to Rule 3.A. of the Court's Individual Practices and Rules requesting a pre-motion conference for a motion for summary judgment pursuant to Fed. R. Civ. P. 56 that JetBlue proposes to file. In addition, we are also requesting on behalf of both parties that the Court extend the time for plaintiff to file and serve their letter response from seven (7) to thirty (30) days to respond to this notification letter.

### **JetBlue's Proposed Rule 56 Motion for Summary Judgment**

Plaintiff Julie Goggin was a ticketed passenger aboard JetBlue flight 213 from JFK International Airport to Long Beach, California on December 22, 2019. JetBlue personnel removed plaintiff from the flight prior to departure from JFK due to a confrontation between her and a flight attendant. JetBlue contends that the decision to remove plaintiff was within the air carrier's authority to deny transportation to a passenger whose presence on the aircraft it believes, "is, or might be, inimical to safety." 49 U.S.C. § 44902(b). Ms. Goggin is African-American and alleges that she was unlawfully removed based on racial animus in violation of 42 U.S.C. § 1981.

### **Procedural Status**

This case is ripe for a motion for summary judgment. The parties have completed their written discovery and have exchanged documents. Neither party intends to designate any experts; consequently, there will be no need for expert discovery. The defense has taken the depositions of plaintiff and her treating psychologist. There are just four depositions remaining of JetBlue Airways witnesses, one of which is set for February 18, 2022. The parties anticipate that the remaining three


depositions will be completed within the next two weeks. The parties engaged in a settlement conference before Magistrate Judge Roanne Mann on August 13, 2022; however, no settlement was reached.

### **Factual Background**

As noted above, plaintiff Julie Goggin was a passenger aboard a JetBlue flight from New York's JFK International Airport to Long Beach, California on December 22, 2019. She was seated in row 10, an exit row, and her teenaged sons were seated together in row 4. Due to an aircraft weight and balance issue prior to departure, Captain Mark Taylor directed the flight attendants to relocate three passengers to seats toward the rear of the aircraft. Flight attendant Kelsey Mills asked plaintiff's sons if they would move; they agreed and were reseated several rows behind plaintiff.

After her sons were relocated, plaintiff became upset with the flight attendant for moving her sons without first consulting her. The flight attendants, all three of whom were also African-American, have described plaintiff's behavior as loud, rude, combative, and aggressive. Because of plaintiff's ongoing confrontational behavior, the flight attendants in the interests of flight safety requested that JetBlue's ground supervisor remove Ms. Goggin from the flight. After deplaning, plaintiff and her sons were rebooked on another JetBlue flight to Los Angeles departing the same day.

### **The Applicable Law Supports JetBlue's Decision to Remove Plaintiff from the Flight.**

When, prior to the departure of an airline flight, the crew advises the air carrier that a passenger's conduct raises safety concerns, the airline has the discretion to have the passenger removed from the flight. Indeed, Congress has expressly given an air carrier the broad grant of authority to refuse to transport a passenger it decides "is, *or might be*, inimical to safety." 49 U.S.C. § 44902(b). (Emphasis added.)

The circumstances of the instant case fell well within the authority of JetBlue personnel to remove plaintiff from the flight. Plaintiff reacted to the relocation of her sons' seats in what all three flight attendants have stated was an aggressive, loud, and confrontational manner that did not appear to abate as both they and JetBlue's ground personnel tried to reason with her.

The law in the Second Circuit on this subject has been crystal clear for nearly fifty years. The test for whether a refusal to transport is permissible: "rests upon the facts and circumstances of the case as known to the airline at the time it formed its opinion and made its decision and whether or not the opinion and decision were rational and reasonable and not capricious or arbitrary in light of those facts and circumstances. They are not to be tested by other facts later disclosed by hindsight." *Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2nd Cir. 1975).

This test has been uniformly adopted by other Circuits that have addressed the issue. The decision to refuse transportation turns on whether it was arbitrary and capricious when made. *See Cerqueira v. American Airlines, Inc.*, 520 F.3d 1, 14 (1st Cir. 2008) ("We agree with *Williams* and hold that an air carrier's decisions to refuse transport under § 44902(b) are not subject to liability unless the decision is arbitrary or capricious."). Furthermore, this standard has also been applied in cases involving allegations of racial discrimination under 42 U.S.C. § 1981. *See Shaffy v. United*

*Airlines, Inc.*, 360 Fed. Appx. 729, 730 (9th Cir. 2009) (affirming summary judgment where plaintiff passenger alleged discrimination finding that the airline's decision was rational and reasonable and not arbitrary or capricious).

In addition, there is no evidence that JetBlue's decision was based on racial animus or retaliation under 42 U.S.C. § 1981. There is no direct evidence that any of the JetBlue crewmembers or ground personnel who dealt with plaintiff harbored any racial animus toward her; indeed, all three flight attendants were African-American as well. Proving discrimination through circumstantial evidence requires plaintiff to meet the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Plaintiff must prove that (1) she is a member of a protected class; (2) she attempted to contract for certain services; (3) she was denied the right to contract for those services; and (4) such services remained available for similarly-situated persons not in her protected class. If plaintiff establishes all four elements, the burden shifts to defendant to demonstrate a legitimate, non-discriminatory reason for its action. Once the defendant does this, the burden shifts back to plaintiff to prove that defendant's reason was mere pretext. Plaintiff will be unable to satisfy the fourth primary element above; and, even she somehow did so, there is no evidence of pretext.

### Time for Plaintiff's Responsive Letter

During December 2021, the parties were attempting to set the depositions of four JetBlue witnesses: the flight attendant who moved plaintiff's sons, the captain of the flight, and the two ground personnel involved in her removal. Due to the holiday and initial post-holiday season, which is the busiest time of year for air carriers, JetBlue was unable to make these witnesses available. This delay was clearly not the fault of plaintiff or her counsel. Therefore, the parties respectfully request that plaintiff's response to his letter be extended from seven (7) days to thirty (30) days. This request is not intended to, nor will it, cause unnecessary delay in this case; rather, it represents the parties agreement to provide plaintiff with sufficient time following the depositions to submit a meaningful response to this letter.

Respectfully submitted,

LEADER BERKON COLAO
& SILVERSTEIN LLP

By: */s/ Arthur I. Willner*
    ARTHUR I. WILLNER