

April 25, 2022

Hon. Margo K. Brodie
U.S. District Judge for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

                Re:    Julie Goggin, et al. v. JetBlue Airways Corporation
                         Case No. 20-cv-6188-MKB-RLM

Dear Judge Brodie:

      I am the legal representative of Plaintiff Julie Goggin, both individually and on behalf of her children. I write pursuant to Rule 3.A. of the Court's Individual Practices and Rules requesting a pre-motion conference for a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which Plaintiff intends to file. I also respond herein to the letter sent by Defendant, JetBlue Airways Corporation ("JetBlue" or "Defendant"), on February 11, 2022, requesting a pre-motion conference for their motion under FRCP 56.

## FACTUAL BACKGROUND

      Ms. Julie Goggin, a Black woman, purchased three flight tickets from JetBlue, intending to travel with her children for a family vacation from New York, NY, to Long Beach, CA. The flight was scheduled for December 22, 2019. She purchased upgraded tickets for Even More® Space seats for her two minor sons. She sat several rows behind her sons. At some point before take-off, flight attendants asked Ms. Goggin's two sons to move. After they removed the minors from the Even More® Space seats, Ms. Goggin expressed her concerns that they did not consult with her before moving her sons to other seats. When Ms. Goggin asked why the move was done despite her sons possessing Even More® Space seats, she was told that there was a "weight and balance" issue. However, Ms. Goggin noted that she and her sons were the only Black people in that section. Accordingly, she voiced this concern. After speaking with the flight attendants and the supervisor, Mr. Arnold Rice, at some point the crew made the decision to remove her from the flight. Ms. Goggin brought this action, alleging racial discrimination in public accommodations under 42 U.S.C. § 1981.

Roger Victor Archibald, PLLC • Attorneys & Counsellors at Law • 26 Court Street, Suite 711 • Brooklyn, New York 11242
Tel No.: (718) 237-1111 • Facsimile (718) 237-1425 • www.Brooklynatty.com • rva@brooklynatty.com

## PROCEDURAL POSTURE

Summary judgment is appropriate at this point in the case. At present, the parties agree that written discovery, document production, and examinations before trial have been completed. There will be no experts in this case and, accordingly, no expert discovery. Settlement negotiations have not so far produced a settlement.

## JETBLUE DISCRIMINATED AGAINST MS. GOGGIN UNDER A PRETEXT OF "WEIGHT AND BALANCE" ISSUES

Summary judgment is appropriate when there can be no genuine dispute of material fact. Fed. R. Civ. P. 56(a). In discrimination cases under § 1981, courts in the Second Circuit have generally applied the *McDonnell Douglas* burden-shifting framework. *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015), *Minto v. Molloy College*, 2019 WL 4696287, at *8 (E.D.N.Y. 2019). Under the *McDonnell Douglas* framework, once the plaintiff meets their burden, the Defendant must show they had a legitimate and non-discriminatory reason for its action. *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). Here, arising as a § 1981 claim, Plaintiff's burden will be satisfied if she first shows that (1) she was a member of a protected class, (2) that she attempted to contract for services, (3) she was denied the right to contract for those services, and (4) those services were made available to others who were not in her protected class.

As an initial matter, Defendants concede that Ms. Goggin is an African-American woman. *See* Def.'s Pre-Conference Letter Dated Feb. 11, 2022, at 1. Furthermore, they agre that she attempted to contract for airline services, flying to Long Beach, CA. *Id.* Thus, there is no genuine dispute that the first two prongs are met. In addition, JetBlue declined to perform the contract as it had been made, and the services contracted remained available to white passengers. So Ms. Goggin has met her initial burden under *McDonnell Douglas*.

The burden then shifts to the Defendant to produce a legitimate, non-discriminatory reason why they denied Ms. Goggin the services under contract. Defendants have indicated that they will argue that Ms. Goggin was "inimical to safety," as viewed by a reasonable airline with the information JetBlue had at the time. 49 U.S.C. § 44902(b); *Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2d Cir. 1975).

However, these justifications are pretextual. In analyzing pretext, a court is tasked with determining whether the proffered reasons are a "coverup" for discrimination. *McDonnell*

*Douglas*, 411 U.S. at 805. A defendant's reasoning is pretextual where it is unworthy of credence and the discriminatory reason was the real reason. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1225 (2d Cir. 1994), *see also Delville v. Firmenich Inc.*, 920 F. Supp. 2d 446, 462 (S.D.N.Y. 2013) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). The Defendants' offered rationale is a cover-up for discrimination, and their reasoning is unworthy of credence because Ms. Goggin never disobeyed or ignored the instructions of a flight attendant. Furthermore, discrimination was the real reason for her removal from the flight.

      Ms. Goggin never disobeyed or ignored the instructions of a flight attendant. In order to amount to a safety risk, a passenger will usually go outside the scope of their business relationship with the airline. *Christel v. AMR Corp.*, 222 F. Supp. 2d 335, 340 (E.D.N.Y. 2002) (noting the passenger "refus[ed] to comply" with the attendant's instructions); *see also Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp. 2d 841, 843 (S.D. Ohio 2003) (noting that the passenger removed ignored the flight attendants' instructions). The facts in discovery do not support the claim that Ms. Goggin was "loud, rude, combative, and aggressive" in a way that would be sufficient for the Defendants to remove her from the plane. As an initial matter, Ms. Goggin notes that she remained calm throughout her dealings with the airline. Furthermore, she says that Mr. Arnold Rice, the Ground Supervisor that day, met with her to go over what had happened. In his deposition, Mr. Rice noted that although he did not recall her being upset with him, he would have recalled it if it had taken place. The truth is that Ms. Goggin was merely disagreeing with the flight attendants about how her sons were relocated.

      Racial discrimination was the real reason for her removal from the flight. Discrimination can be proven by circumstantial evidence. *McDonnell Douglas*, 411 U.S. at 804. Here, her sons were the only Black people in the front of the plane, and they were asked to relocate. Furthermore, her expression of concern to the flight attendants involved her attempting to reason with them about the relocation. But when the flight attendants no longer wished to hear her concerns, they simply removed her from the flight. It does not matter whether the flight attendants were themselves African American, as noted by Defendants. *See* Def.'s Pre-Conference Letter, at 2, 3. This case is asserted against JetBlue Airlines Corporation, whose policies and actions, as implemented through its agents, will determine its liability. And JetBlue should indeed be found liable, as Plaintiff will continue to detail as this litigation proceeds.

## CONCLUSION

Accordingly, Plaintiff supports the Defendant's request for a pre-motion conference for a motion for summary judgment under Rule 56 of the FRCP. Plaintiff requests same.

Respectfully submitted,

Roger V. Archibald